UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 21-CR-198

ALEX MOMPREMIER, et al.,

    Defendants.

## ORDER

### 1. Background

On September 12, 2022, Alex Mompremier filed a motion to compel. (ECF No. 33.) At that time the court had not yet set a schedule for filing pretrial motions, but the court did so on October 4, 2022. (ECF No. 35.) The court subsequently modified that schedule at Mompremier's request. (ECF No. 49.) The government's response was due no later than February 9, 2023. (ECF No. 49) When the government failed to respond, the court granted Mompremier's motion to compel as unopposed (ECF No. 62); *United States v. Mompremier*, No. 21-CR-198, 2023 U.S. Dist. LEXIS 27129 (E.D. Wis. Feb. 17, 2023).

The government then asked that the court extend the deadline for it to respond to the motion, explaining that it failed to calendar Mompremier's motion to compel. (ECF No. 65.) Because Mompremier did not object, the court granted the motion, vacated its order, and allowed the government to respond. (ECF No. 66.) The government has now responded (ECF No. 33), and Mompremier has not replied.

Outside of certain specific categories of discovery, following a request by a defendant the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if they are within the government's possession, custody, or control and :

> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Mompremier asks that the court compel the government to disclose certain information that falls into three broad categories: (1) confidential informants; (2) venue; and (3) transfer of custody from Haitian National Police to DEA. (ECF No. 33 at 2.)

**2. Confidential Informants**

The government has a limited privilege to withhold the identities of confidential informants. *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012) (citing *Roviaro v.*

2
Case 2:21-cr-00198-BHL   Filed 03/15/23   Page 2 of 7   Document 72

*United States*, 353 U.S. 53, 59 (1957)). The privilege is automatic; the government need not make any threshold showing that the witness faces likely reprisal or retaliation. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 n.5 (7th Cir. 1996) (quoting *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990)). The defendant may overcome the privilege by showing that the informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61. Ultimately, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

It is difficult for a defendant to show that disclosure is warranted when the informant is a mere "tipster," *e.g.*, a person who simply provides investigative leads or relates hearsay. *See McDowell*, 687 F.3d at 911. A stronger case for disclosure exists when the informant was a "transactional witness," *e.g.*, a person who witnessed or participated in a charged offense. *Id*. Ultimately, the burden is on the defendant to show that disclosure is required. *United States v. Shaw*, 824 F.3d 624, 629 (7th Cir. 2016).

Mompremier states, "As to the 924(c) count, the Government submits that the CI knew of the Defendant's location. Assuming that is correct, the location of the Defendant and whether (and in what context) he had in his possession a firearm renders the CI a 'transactional witness' …." (ECF No. 33 at 5.) Likewise, "[a]s to the drug trafficking counts, if the CI knew of the Defendant's location (and by extension what the Defendant was doing) such renders the CI a 'transactional witness' …" (ECF

No. 33 at 6.) And even "if the CI did not witness anything the Defendant did, but knew of the Defendant's location from other individuals who did witness what the Defendant was doing, then this information would significantly assist the Defendant in identifying and locating potential witnesses that would be able to help the Defendant" in preparing his defense. (ECF No. 33 at 6.)

The government argues that the confidential informant was not a transactional witness because the informant was first contacted on November 1, 2020--after the October 28, 2020, events that form the basis for the substantive counts in the superseding indictment.

Mompremier has failed to demonstrate that the confidential informant is a transactional witness or that the informant's identity is otherwise necessary to Mompremier's defense. As the government notes, the substantive counts relate to events that occurred on October 28, 2020. (ECF No. 39 at 3, 5.) According to the investigative reports provided by Mompremier, the confidential informant provided information related to a distinct, subsequent incident involving attempts by a police officer in Haiti to sell some of the cocaine that purportedly had been seized from Mompremier's co-defendant[1] and later efforts to bribe a judge. (ECF No. 33-2 at 1-7.) There is no evidence that the informant witnessed any event that forms the basis for a charge against Mompremier.

---

[1] The government asserts that the cocaine involved in this transaction had different markings than the cocaine seized from Mompremier's co-defendant. (ECF No. 71 at 4.)

An informant also provided law enforcement with information as to Mompremier's location, which led to his arrest on March 29, 2022. (ECF No. 71 at 2.) A confidential witness providing information as to a defendant's location to facilitate his arrest is clearly a tipster, and as such his identity is protected by the government's informer privilege. Because Mompremier has failed to demonstrate that the informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, his motion to compel disclosure of the confidential informant will be denied.

3. **Venue-Related Discovery**

Mompremier seeks information about how he was transported to the United States because, if he was first brought to another district, venue would not be proper here. (ECF No. 33 at 7.) He further argues that he is entitled to know everyone who was on the plane with him because those persons could substantiate whether he was first brought to this or to some other district. (ECF No. 33 at 7-8.)

Mompremier's motion is based on pure speculation and is nothing more than a fishing expedition. He suggests that it is possible that the plane may have refueled in another district before coming to Milwaukee. (ECF No. 33 at 7.) But, of course, Mompremier was on the plane, and he does not assert that the plane made *any* stop between Haiti and Milwaukee. Nonetheless, the government has agreed to have the DEA agent who accompanied Mompremier to the United States prepare a report

outlining where he was "first brought" within the meaning of 18 U.S.C. § 3238. (ECF No. 71 at 5.) Such a report is more than sufficient to address Mompremier's concerns. He has failed to show that any additional information is material to preparing his defense.

Accordingly, this aspect of his motion also will be denied.

### 4. Transfer-Related Discovery

Mompremier argues that, if the government violated the extradition treaty between the United States and Haiti, he has standing to challenge his transfer to the United States. (ECF No. 33 at 8 (citing ECF No. 27 at 1-3).) Even if his argument is foreclosed under current law, he contends he is entitled to discovery so he can argue for a change in the law. (ECF No. 33 at 8.)

Mompremier's transfer to the United States may have been outside the extradition treaty between the United States and Haiti, but it was not in violation of that treaty. *United States v. Mompremier*, No. 21-CR-198, 2022 U.S. Dist. LEXIS 180734, at *8-9 (E.D. Wis. July 28, 2022); *United States v. Mompremier*, No. 21-cr-0198, 2022 U.S. Dist. LEXIS 178434, at *7 (E.D. Wis. Sep. 30, 2022). He has failed to present any evidence that his transfer violated the treaty. His discovery request related to his transfer to the United States represents a pure fishing expedition. He has failed to show that the requested discovery is material to preparing his defense, and therefore this aspect of his motion also will be denied.

**IT IS THEREFORE ORDERED** that Alex Mompremier's motion to compel (ECF No. 33) is **denied**.

**IT IS FURTHER ORDERED** that in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) any written objections to any order herein or part thereof shall be filed within fourteen days of service of this order or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 15th day of March, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge