UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 21-cr-0198

ALEX MOMPREMIER,

        Defendant.

## ORDER

Defendant Alex Mompremier challenges Magistrate Judge William E. Duffin's Report and Recommendation that Mompremier's motion to compel the production of discovery be denied. Because the magistrate judge correctly rejected the motion, the Court will adopt Judge Duffin's recommendation and deny the motion to compel.

### BACKGROUND

On September 28, 2021, a grand jury returned a four-count indictment against Mompremier and two codefendants. (ECF No. 1.) Mompremier was charged in three counts. (*Id.*) Count One charged him with conspiring others to distribute 5 kilograms or more of cocaine, intending, knowing, or having reasonable cause to believe that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. §§959(a), 963 and 960(b)(1)(B). (*Id.* at 1.) In Count Two, Mompremier was charged with distributing 5 kilograms or more of cocaine, intending, knowing, or having reasonable cause to believe that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§959(a) and 960(b)(1)(B), and 18 U.S.C. §2. (*Id.* at 3.) Count Four alleged he carried firearms during and in relation to the drug trafficking crimes described in Counts One and Two, in violation of 18 U.S.C. §§924(c)(1)(A)(i) and (2). (*Id.* at 5.) All three offenses were alleged to have "begun outside the jurisdiction of any particular State or district of the United States." (*Id.* at 1, 3, 5.)

Six months after the indictment, on March 29, 2022, the Haitian National Police arrested Mompremier in Haiti. (ECF No. 26 at 2.) Two months after that, on May 9, 2022, he was brought to this district to face prosecution. (*Id.*) On November 8, 2022, the Government filed a

superseding indictment. The charges against Mompremier remained essentially the same. (ECF No. 39.)

On September 12, 2022, prior to the return of the superseding indictment, Mompremier filed a motion to compel discovery. (ECF No. 33.) Judge Duffin granted that motion when the government failed to file any objections to the motion. (ECF Nos. 62 & 63.) The government filed a motion for extension of time to file responses to the motion to compel and requested that Judge Duffin's decision be vacated. (ECF No. 65.) On February 21, 2023, Judge Duffin granted the government's motion and vacated its order granting the motion to compel. (ECF No. 66.) The parties briefed the motion to compel and on March 15, 2023, Judge Duffin issued an order denying Mompremier's motion. (ECF No. 72.) On March 21, 2023, Mompremier appealed the denial of his motion, (ECF No. 74), and on March 24, 2023, the government filed a response in opposition to Mompremier's appeal. (ECF No. 75.) At a status conference held on April 4, 2023, the parties confirmed that no further briefing would be filed on either motion. (ECF No. 83.)

## STANDARD OF REVIEW

When reviewing a magistrate judge's recommendation, the district judge must review *de novo* the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). When reviewing a magistrate judge's order addressing a non-dispositive pretrial motion, the Court will only set aside that portion of the order that is found to be clearly erroneous or contrary to law. *See* 28 U.S.C. §636(b)(1)(A); Fed. R. Crim P. 59(a).

## ANALYSIS

Mompremier seeks to compel disclosure of the identity of the confidential informant and documents related to his transfer and venue. (ECF No. 74.) Because Mompremier has not demonstrated that Judge Duffin's Order denying the motion to compel is clearly erroneous or contrary to law, the Court will overrule Defendant's objections and affirm the Order.

"The government possesses a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Wilburn*, 581 F.3d 618, 622 (7th Cir. 2009) (citing *Roviaro v. United States*, 333 U.S. 53, 59-60 (1957)). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that

obligation." *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993) (quoting *Roviaro*, 353 U.S. at 59). For the privilege to be set aside, a defendant must "prove that the disclosure of the informant's identify is relevant and helpful to his defense or is essential to a fair determination of a cause." *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008) (internal quotations omitted). Whether to require the government to disclose the identity "depends 'on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Id.* (quoting *Roviaro*, 353 U.S. at 62.) The Seventh Circuit has made clear that "[w]hen the confidential informant is a mere 'tipster'—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant—rather than a 'transactional witness' who participated in the crime charged against the defendant or witnessed the event in question, disclosure will not be required." *Id.* at 515.

Judge Duffin concluded that the confidential informant in this case was at best a mere tipster and the informant had nothing to do with the charges against Mompremier. (ECF No. 72 at 5.) In arriving at these conclusions, Judge Duffin relied upon investigative reports indicating that the confidential informant had provided information related to a transaction that occurred after October 28, 2020, the date of the events that relate to the substantive counts against Mompremier. (*Id.* at 4 (citing ECF No. 33-2 at 1-7).) The government also explained that the cocaine involved in this transaction had different markings than the cocaine seized from Mompremier's co-defendant. (ECF No. 71 at 4.) Moreover, no evidence suggests the confidential informant witnessed any event that forms the basis for the charges against Mompremier. Accordingly, Judge Duffin declined to require the government to disclose the identity of the informant.

In challenging Judge Duffin's report and recommendation, Mompremier argues that because the confidential source "appear[s] to have an on-going relationship with the DEA" regarding drug trafficking in Haiti, the confidential source is a "'transactional witness' and his/her identity must be disclosed to the Defendant for proper investigation and trial preparation." (ECF No. 74 at 5.) Mompremier, however, fails to identify anything specifically related to the case against him and the confidential informant's alleged generalized knowledge about drug trafficking in Haiti does not make him or her a "transactional witness."

As to Mompremier's demand that the government provide transfer and venue related documents, the government agreed to provide a report from the DEA agent who accompanied

Mompremier from Haiti to the Eastern District of Wisconsin, where he was "first brought" within the meaning of 18 U.S.C. §3282, memorializing the transport. (ECF No. 71 at 5.) At the status conference held on April 5, 2023, the government confirmed that the report had been mailed to defense counsel. (*See* ECF No. 83.) The Court agrees with Magistrate Judge Duffin that "[s]uch a report is more than sufficient to address Mompremier's concerns." (ECF No. 72 at 6.) In conclusion, Mompremier has not demonstrated that Judge Duffin's Order was clearly erroneous or contrary to law, and therefore there is no basis for this Court to disturb Judge Duffin's rulings.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's motion appealing Judge Duffin's Order (ECF No. 74) is **DENIED** and Judge Duffin's Order (ECF No. 72) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (ECF No. 33) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge